# Anna O'Grady v. The Prudential Insurance Company of America, Appellant.

*Insurance—Designated beneficiary—Right of action by assignee—Act of 1873.*

When the language of a policy of life insurance contemplates and invites a designation of a beneficiary, and the company furnished a blank form for such designation the designation of a daughter by the mother who was the insured, vests a right of action in the daughter. Such designation never having been revoked and having been accompanied by delivery of the policy to the beneficiary who paid the subsequently accruing dues with the knowledge of the company's agents, is a virtual assignment.

The beneficiary so designated being the assignee of the policy has a right of action in her own name as such assignee under the provisions of the act of March 14, 1873, P. L. 46.

The fact that the policy was under seal and the assignment was not, is immaterial under the provisions of the act of 1873, which was intended to cure just such cases.

Argued Jan. 12, 1897. Appeal, No. 28, Jan. T., 1897, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1891, No. 184, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Assumpsit on policy of insurance. Before GUNSTER, J.

The case was tried with another case on another policy between the same parties. The company defended on the ground that there was no privity of contract between the plaintiff and the company, and, because the alleged assignment was not an assignment but a paper testamentary in character, and gave the plaintiff no standing to sue in her own name.

The court charged the jury in part as follows:

That "Form 159," the alleged assignment, was simply a request by the insured that the company pay the money to the plaintiff after her death and was revocable at any time by the insured during her lifetime; but the court also charged that if the jury believed the insured gave the policy itself to the plaintiff intending at the time that she should be the owner, then she had the right to bring this action in her own name.

The defendant submitted the following points:

1. That the evidence in the case discloses no privity of contract between Anna O'Grady and the Prudential Insurance Company of America, and the verdict must be for the defendant.

2. Under all the evidence in the case the verdict must be for the defendant.

Verdict for plaintiff for $143.53. Defendant appealed.

*Errors assigned* were (1, 2) refusal of points; (3, 4) to charge of the court in that it left the jury to determine whether the insured had made an absolute transfer of the assignment to the plaintiff; (5–7) to the admission of evidence as to what took place at the time of the alleged parol transfer of the policies of insurance.

*A. A. Vosburg*, with him *W. S. Hulslander*, for appellant.— The question raised by this appeal is whether the plaintiff proved such an assignment of the policies as entitled her to bring suit to recover in her own name.

The act of May 28, 1715, 1 Sm. L. 90, provides that assignments of all specialties must be in writing and witnessed by two persons.

The act of 1873, P. L. 46, simply provides that the assignees of insurance policies may sue in their own names. It is contended that both of these acts are in force, and that they are not repugnant with each other.

The company had the same option of payment under the form 159 as under the policy itself: Thomas v. Ins. Co., 148 Pa. 594; Brennan v. Ins. Co., 170 Pa. 488.

A policy of insurance under writing cannot be assigned by parol: Walsh's App., 122 Pa. 177.

The gift of a bond by parol will be inoperative: Licey v. Licey, 7 Pa. 251.

The construction of form 159 was exclusively for the court, it being a writing: Esser v. Linderman, 71 Pa. 76.

Whether a writing is a will or not does not depend upon the maker's declaring it a will at the time of his executing it, but upon its contents: Patterson v. English, 71 Pa. 454.

Form 159 is certainly not an assignment and therefore the plaintiff is not entitled to recover.

*John P. Kelly*, with him *J. Alton Davis* and *John R. Edwards*, for appellee.—To create an assignment no particular form is necessary, an order for the whole fund is an assignment thereof: Caldwell v. Hartupee, 70 Pa. 74.

Any act which shows a present intention to appropriate a particular fund amounts to an assignment: 1 Am. & Eng. Ency. of Law, 835.

Parol assignments of life insurance policies have always been favored in Pennsylvania: Maderia's Est., 15 W. N. C. 318; Maderia's Est., 17 W. N. C. 202; Morrell's Est., 8 W. N. C. 183.

The plaintiff as assignee of this policy was clearly authorized to bring suit in her own name under the act of March 14, 1873, P. L. 46.

OPINION BY WILLARD, J., February 16, 1897:

Two actions were brought in the court below by Anna O'Grady, the appellee, against the Prudential Insurance Company of America, the appellant, being there tried as one action and argued together in this court. The actions were upon two policies of insurance each insuring the life of Cecilia O'Grady, mother of the appellee, and promising to pay the amount in each policy named to the executor or administrator of the insured, with a proviso that after the death of Cecilia O'Grady a receipt signed by a relative by blood of the insured for the amount agreed to be paid, should be a full discharge of the company from all liability under the policies.

At the date of the policies no beneficiary was designated, but on August 17, 1889, the assured designated her daughter, the appellee, as the beneficiary to receive the moneys mentioned in both policies after her death. At the request of the insured the agent of the company procured from the home office the necessary blanks for designation of a beneficiary. These blanks were procured by him from the appellant's office and are designated by the company as " Form 159." They were filled up by the agent, signed by the insured in his presence, after execution being attached to the policies by the agent and delivered to the insured. By a foot note to the said " Form 159 " the holder of, the policy is directed to retain the same after execution and present it to the company when claim is made. On the same

day the insured delivered to the appellee the designations thus
executed and the policies, at the same time saying to her " Anna,
I give those to you to have after my death, that you collect this
money after my burial and keep it for yourself." The policies
thus delivered were deposited by the appellee in her own trunk
and she continued to pay the company the weekly dues until
the death of her mother on the 23d of April, 1891. It was
admitted at the trial that due proofs of death were delivered
to the company by the appellee according to the terms of the
policies.

It is contended by the appellant that the designation of the
daughter as the beneficiary by the mother was ineffectual to
vest a right of action in the appellee, because the instrument of
designation was revocable. It is sufficient for us to know that
the instrument was never revoked and its effect remains to be
considered.

The language of the policy contemplates and invites a desig-
nation of the character made and provides for payment to and
receipt by any blood relation of the insured. To make more
effectual this clause of the policy, "Form 159" was prepared
and issued by the company. Its terms are not equivocal. By
the designation on the form thus furnished, Mrs. O'Grady re-
quested and directed the appellant, in the event of her death
prior to the death of her daughter, to pay the benefit specified
in the policies to the appellee, and her receipt or other proof of
payment to her should operate as a full discharge to the com-
pany from all liability under the terms of the policies. Of this
designation the company had full knowledge through its agent,
and continued to receive its weekly dues from the beneficiary
for nearly two years prior to the death of the insured, without
calling in question the validity of the instrument of designa-
tion. The death of the insured fixed the rights of the appellee
and they then became vested in her as fully and completely as
though she had been originally designated in the policy as the
beneficiary. In default of payment on the part of the company
a right of action accrued to the appellee which she had a right
to maintain in her own name.

The delivery of the policies to the appellee and the retention
of the same in her possession until the time of her mother's
death, coupled with other circumstances connected with the

transaction, was an assignment of the policies by the mother to the daughter: Malone's Appeal, 38 Leg. Int. 303; Maderia's Appeal, 17 W. N. C. 202; Bond v. Bunting, 78 Pa. 210.

The appellee being the assignee of the policies had a right of action in her own name as assignee under the provisions of the act of assembly of the 14th of March, 1873, P. L. 46, which provides that "It shall be lawful for the assignee or assignees of the whole or any part of any policy of life, fire or marine insurance, his executor or administrator, to bring suit, in the name of the assignee or assignees, for his, her or their interest in any policy of insurance, against the company issuing the same, upon the happening of the contingency provided against."

One of the policies upon which this suit is founded purports to be under the seal of the company, the other is not under seal. It is claimed by the appellant that as to the policy under seal the appellee had no right of action in her own name for the reason that the assignment was not executed under seal and in the presence of two witnesses as provided in the act of 1815 relative to the assignment of bonds and specialties.

At the time the act of 1873 was passed, policies of insurance were issued by the companies, some under seal and others not under seal. Blank forms of assignment were, in many cases, attached to the policies, or blank forms furnished by the companies, not contemplating execution by seal or in the presence of witnesses. To remedy this mischief the act of assembly in question was passed providing for the bringing of actions by assignees in their own names without regard to the form of assignment.

If the contention of the appellant is correct this act of assembly would be useless legislation, as no action could be brought by the assignee upon a policy under seal unless the assignment was also under seal and executed in the presence of two witnesses. The act of 1873, being a remedial statute, is to be construed liberally. The intent of the legislature was evidently to do away with the forms prescribed by the act of 1815 as to fire, life and marine insurance policies. If that was not the intent, the act accomplished nothing, and to give it the construction contended for by the appellant would render its provisions ineffectual to remedy the mischief.

A bona fide owner of an insurance policy by assignment in writing, or by its delivery as a chose in action is entitled to a

speedy remedy to enable him to recover the amount agreed to be paid by the terms of the policy. To make the remedy effectual the act of 1873 declares that the assignee may bring the action in his own name. The legislature evidently intended to provide the remedy for the existing mischief. So the act was intended and so it should be construed.

It will be observed that the consent of the company to the assignment of the policies in question was not required by their terms. It was said by Mr. Justice STERRETT in National Aid Society v. Lupold, 101 Pa. 119, " It is claimed, however, that the suit was rightly brought under the act of March 14, 1873, authorizing assignees of life, fire and marine insurance companies to sue in their own name. This would undoubtedly be so if the association had assented to the transfer; but when it is made an express condition of the contract itself that the certificates should not be otherwise assigned or transferred, the act referred to does not apply." In the above case the assignment required the assent of the company to make it valid. The transfer or assignment was not, however, executed in pursuance of the act of 1715.

The question of the age of the insured was properly left by the trial judge to the jury.

The assignments of error are all overruled and the judgment affirmed.